FILED
JAN 17 2007
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | 04-30018 |
| Plaintiff, |  |
| -vs- | ORDER AND OPINION |
| BERNARD MATTHEW DARDEN, a/k/a DINO DARDEN, |  |
| Defendant. |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to the crime of interstate domestic violence and was sentenced to 120 months imprisonment. He filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit. His appeal was summarily dismissed.

Defendant filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. The motion was denied. Defendant appealed and the Eighth Circuit dismissed his appeal.

Defendant filed a second motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. He apparently changed his mind and filed a motion to dismiss his § 2255 motion. His request was granted and his second motion to vacate was denied and dismissed.

Defendant apparently decided to challenge his conviction under the Federal Rules of Civil Procedure. That challenge was denied. He has since filed two motions to reconsider the orders of this court.

Defendant's conviction is final. His appeal of his conviction was dismissed. His motion to vacate his conviction was denied and the appeal of that order was dismissed. His second motion pursuant to 28 U.S.C. § 2255 to vacate his sentence was improper in any event because he must seek leave from the United States Court of Appeals for the Eighth Circuit to file a second or successive motion to vacate. His various motions for reconsideration are improper.

This case demonstrates why the court summarily denies motions for reconsideration. The process of seeking reconsideration could be transformed into an endless chain of motions, filing a motion to reconsider the denial of the motion to reconsider, *ad infinitum*. As now Chief Judge Loken observed in his opinion in <u>Wilkins v. Hartford Life and Accident Insur. Co.</u>, 299 F.3d 945, 948 (8th Cir. 2002): "Such motions (to reconsider) are frequently a futile waste of time for both the parties and the trial court."

This criminal case is closed. Defendant's only avenue for relief would be to obtain permission from the Eighth Circuit to file a second or successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Now, therefore,

IT IS ORDERED:

1. The motion, Doc. 71, for reconsideration is denied.
2. The clerk shall not accept for filing any further motions from the defendant.

Dated this 17th day of January, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY
(SEAL)

2